*United States v. El Bahnasawy*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty.

PRESENT: RICHARD J. SULLIVAN,
MICHAEL H. PARK,
WILLIAM J. NARDINI,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                           No. 18-3805

ABDULRAHMAN EL BAHNASAWY

*Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:                    ANDREW J. FRISCH, Schlam Stone & Dolan LLP, New York, NY.

FOR APPELLEE: GEORGE TURNER, Assistant United States Attorney (Negar Tekeei, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of conviction in the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Abdulrahman El Bahnasawy appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Berman, *J.*) following El Bahnasawy's guilty plea pursuant to a plea agreement to seven counts including: (1) conspiracy to use weapons of mass destruction, in violation of 18 U.S.C. § 2332a; (2) conspiracy to commit acts of terrorism transcending national boundaries, in violation of 18 U.S.C. § 2332b; (3) conspiracy to bomb a place of public use and public transportation system, in violation of 18 U.S.C. § 2332f; (4) conspiracy to provide material support and resources to terrorists, in violation of 18 U.S.C. § 2339A; (5) provision and attempted provision of material support and resources to terrorists, in violation of

18 U.S.C. § 2339A; (6) conspiracy to provide material support and resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B; and (7) provision and attempted provision of material support and resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. On December 19, 2018, the district court sentenced El Bahnasawy to forty years' imprisonment, to be followed by a lifetime term of supervised release. On appeal, El Bahnasawy argues that (1) the district court committed reversible error in declining to relieve the Federal Defenders as co-counsel, and (2) his sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I.  **Right to Counsel**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "While a defendant has a right to counsel of his choice under the Sixth Amendment, it is not an absolute right." *United States v. Brumer*, 528 F.3d 157, 160 (2d Cir. 2008). "The Supreme Court has acknowledged that . . . a criminal defendant's qualified right to be represented by the counsel of his

choice . . . may be overcome when it is outweighed by competing interests in the fair administration of justice or maintaining orderly trial procedures." *Lainfiesta v. Artuz*, 253 F.3d 151, 154 (2d Cir. 2001) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)). "In determining whether to allow a defendant to retain new counsel, the court must consider the risks and problems associated with the delay, and whether substitutions would disrupt the proceedings and the administration of justice." *Brumer*, 528 F.3d at 160 (alteration omitted).

"The Supreme Court has held that violations of the Sixth Amendment right to counsel are *per se* reversible only when they amount to an '[a]ctual or constructive denial of the assistance of counsel altogether,' or when counsel was 'prevented from assisting the accused during a critical stage of the proceeding.'" *Lainfiesta*, 253 F.3d at 157 (quoting *Penson v. Ohio*, 488 U.S. 75, 88 (1988) and *United States v. Cronic*, 466 U.S. 648, 659 & n.25 (1984)). Otherwise, the Court reviews a district court's decision limiting counsel, such as the denial of a motion to withdraw and substitute counsel, for abuse of discretion. *See United States v. Oberoi*, 331 F.3d 44, 47 (2d Cir. 2003). The district court's decision is granted "considerable deference," especially when "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Id.* at 47 (internal quotation marks

4

omitted).

El Bahnasawy contends that the district court committed *per se* reversible error, which he describes as "structural," in denying the Federal Defenders' motion to withdraw and instead ordering El Bahnasawy's proposed substitute counsel ("substitute counsel") to represent El Bahnasawy along with the Federal Defenders. But since the district court's ruling did not result in the "actual or constructive denial of the assistance of counsel altogether," we review that decision only for abuse of discretion. *Lainfiesta*, 253 F.3d at 157 (internal quotation marks and alteration omitted). And a review of the record demonstrates that the district court did not abuse its discretion in declining to relieve the Federal Defenders in this case.

Over the course of a year after El Bahnasawy's arrest, the district court repeatedly asked El Bahnasawy whether he wanted to replace the Federal Defenders with the substitute counsel that his parents had chosen, and he declined. When El Bahnasawy did request to change counsel in April 2017, which he explicitly told the court he was doing only at the behest of his parents, substitute counsel declined to represent him. When substitute counsel finally agreed to represent El Bahnasawy in September 2017, the district court held numerous

conferences to discuss the matter. In ultimately declining to relieve the Federal Defenders, the district court highlighted El Bahnasawy's repeated assurances that he was satisfied with the Federal Defenders. It also noted that El Bahnasawy's sentencing was scheduled for about a month after the final hearing on the matter, and that substitute counsel had, understandably, yet to demonstrate an appreciation of the record. The district court additionally expressed its concern that El Bahnasawy's substitute counsel also represented his parents, who had a "diametrically . . . opposite" view of his case. S. App'x 213. On this record, we cannot say that the district court abused its discretion by ordering the Federal Defenders to continue representing El Bahnasawy *alongside* substitute counsel.

Moreover, El Bahnasawy is unable to point to any prejudice that resulted from the district court's decision. *See United States v. Griffiths*, 750 F.3d 237, 242 (2d Cir. 2014). He hypothesizes only that "it is a fair inference from [the district court's] remarks that the 'havoc' that [the court] envisioned could be 'wreak[ed]' on 'the integrity of the proceedings' . . . was the possibility that new counsel might seek to vacate El Bahnasawy's guilty plea," and that the district court's "unprompted concern about the guilty plea perhaps suggested [the court's] own concern about the government's ability to prove El Bahnasawy's intent beyond a

6

reasonable doubt, or perhaps his competence." El Bahnasawy Br. at 45. But these musings are wholly speculative, and even El Bahnasawy admits that "Judge Berman presumably would have considered any [motion to vacate the guilty plea] on its merits." *Id.* at 45–46. Nor is there any evidence in the record to suggest that El Bahnasawy received subpar or compromised assistance in connection with his sentencing. Put simply, the district court thoroughly reviewed the record, and clearly articulated the reasons justifying the Federal Defenders' continued representation of El Bahnasawy. Such a decision was not an abuse of discretion.

## II.     <u>Substantive Reasonableness</u>

"We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). Our review of the substantive reasonableness of a sentence is "particularly deferential," and we will set aside a sentence as substantively unreasonable only if it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks and citation omitted).

7

Although the Guidelines provided for, and the government sought, a life sentence, El Bahnasawy argues that his below-Guidelines sentence of forty years was substantively unreasonable because "the District Court gave lip service, but little more," to mitigating factors counseling a lower sentence, including El Bahnasawy's youth, his history of mental health and addiction issues, his purported progress with treatment since his arrest, "the dissipation of the compulsiveness that marked earlier fixations including his foray into online jihad," "his evolving sense of self and disavowment of violence," his family support, and the treatment that would be available to him if he returned to Canada. El Bahnasawy Br. at 46–47.

But the district court's decision makes clear that it *did* consider El Bahnasawy's youth, mental health, and addiction issues. The district court also considered the limitations of the Bureau of Prisons' programs compared to the treatment El Bahnasawy could receive in Canada, and weighed these concerns against the need for a lengthy sentence based on El Bahnasawy's conduct and the safety of the public. El Bahnasawy's sentence clearly was not "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Broxmeyer*, 699 F.3d at 289

8

(internal quotation marks and citation omitted); *see also United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) ("While we do not presume that a Guidelines sentence is necessarily substantively reasonable, that conclusion is warranted in the overwhelming majority of cases, and thus especially when, as here, a defendant challenges a *below*-Guidelines sentence." (internal quotation marks and citation omitted)).

We have considered El Bahnasawy's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9